## In re DEANE'S WILL.

No. 47548.

County Judges' Court, Dade County.

June 8, 1962.

---

Ben S. Hancock, Jr. and L. L. Robinson, both of Miami, for William M. Hurtenbach.

W. Barry Swope, Miami Shores, for the administrator ad litem.

Drummond Paul, Jr., Miami, for Gerald McKie.

GEORGE T. CLARK, County Judge.

*Order re-establishing altered will:* This matter is before the court upon the petition and amendment to said petition of Gerald McKie for the restoration of an altered will, the petition of Edward F. Butler, administrator ad litem (filed pursuant to authorization of the court) for a formal hearing and for determination of whether there had been any substitution or spoliation of a part of the will of Douglas Deane, deceased, the answers of William M. Hurtenbach to each of the foregoing petitions, which answers constitute a general denial of a substitution in or spoliation of said will; each of said answers also contains a motion to dismiss the petition.

After consideration of the pleadings, evidence, and briefs the court, from a preponderance of the evidence, finds —

1. The will of Douglas Deane was prepared by William M. Hurtenbach from notes made by Hurtenbach at a conference with the testator in the North Shore Hospital. On September 7, 1959 the will was duly executed by the testator in his hospital room under the supervision of Hurtenbach. Shortly after its execution the will was taken from the hospital by Hurtenbach and it remained in his possession at all times until filed in this court with a petition for probate on September 14, 1959, except for a short period when he left the will with Biscayne Engineering Co. for the making of photostatic copies. Douglas Deane died on September 9, 1959.

2. A caveat (administrator's exhibit no. 7) was filed in this court by Gerald McKie on September 11, 1959. Hurtenbach saw the caveat and knew that it had been filed, but secured the admission of the will to probate on October 23, 1959 without informing the county judge that said caveat had been filed.

3. The second page of the will signed by Douglas Deane contained a residuary clause naming Gerald McKie as residuary beneficiary of the estate. Said page two of the will signed by Douglas Deane also contained a legacy to Hurtenbach of all funds of Douglas Deane on deposit with the North Shore Hospital, referred to in the attorney's notes (administrator's exhibits 5 and 6) as "all personal cash". Said page two of the will signed by Douglas Deane did not contain a bequest to Hurtenbach of "deposits or funds payable to me in my personal account at the Hialeah-Miami Springs Bank at Hialeah, Florida."

4. The second page of the will submitted for probate by Hurtenbach is not the second page of the will executed by Douglas

Deane, but is a page substituted for the original page of the will, by Hurtenbach.

It is, therefore, ordered and adjudged that the motions to dismiss the petitions are denied, that the petition for restoration of an altered will is granted, that page two of the will offered for probate is deleted and that the second page of the will executed by the testator, Douglas Deane, is hereby restored and re-established in the following words and figures —

benefits of which my estate is or shall become seized and possessed, and in the judgment of my Executor it is deemed necessary to provide cash or funds to carry out my devises and bequests, and all other expenses connected with the settlement of my estate.

### ARTICLE V.

After payment of my just debts, funeral expenses and costs of administration, I authorize and direct my Executor to pay such expenses out of my estate, and thereafter to make the following distribution, to-wit:

FIRST: I give and bequeath to my friend, GERALD McKIE of 2155 N. W. 55th Street, Miami, Florida, all my real property of whatsoever nature and wheresoever located, having more particularly in mind the residence and lot in and upon which he and his family reside, because of our friendship and his ability and capability for taking charge of said property, together with furniture and fixtures.

SECOND: I give and bequeath to WILLIAM M. HURTENBACH the balance of all funds I have on deposit at the North Shore Hospital.

THIRD: I give, devise and bequeath to my friend, GERALD McKIE of 2155 N. W. 55th Street, Miami, Florida, all the residue and remainder of my property, real, mixed and personal.

FOURTH: I further direct that in the event any person named in this Will shall bring suit or other proceeding to contest or set aside this will, then in such event, any and all gifts and bequests herein set forth to such person or persons, shall be cancelled and of no force and effect, and his or her share so given or bequeathed shall become a part of my residuary estate.

(Paragraphs Second and Third of the foregoing differ from paragraphs Second and Third of the will offered for probate.)

It is further ordered that the last will and testament of Douglas Deane, dated September 7, 1959, and attested by D. E. Liebmann, Geo. E. Liebmann, and Ruth G. Liebmann as subscribing and attesting witnesses, as said will is hereby restored and re-established, be and the same is hereby admitted to probate according to law as and for the true last will and testament of Douglas

Deane, and that the said last will and testament as restored and re-established shall be duly recorded in the book of wills, and that the cost of recording the same be taxed as costs against this estate.

It is further ordered that William M. Hurtenbach be and he is hereby removed as executor of this estate and directed to forthwith make an accounting and be prepared to deliver the assets of this estate to an administrator c.t.a., when one is appointed and has qualified. The court will appoint as said administrator c.t.a. the residuary beneficiary, Gerald McKie, or his nominee.